## SAMUEL AIRD ET AL. *v.* TONEY ALEXANDER.

1. VENDOR AND VENDEE. *Warranty in bond for title. Deed. Merger.*

   Where a vendor executes a bond to convey land by a warranty deed on payment of the price, and the purchaser pays a part, but payment is completed by another, to whom, by verbal agreement, the deed is executed, the bond for title is merged in the deed, and the grantee therein having been evicted by title paramount, the obligee in the title bond has no right of action on its covenant.

2. STATUTE OF FRAUDS. *Contract as to land. Covenant of warranty. Verbal assignment.*

   In such case, no verbal agreement between the obligee in the title bond and grantee in the deed can create a trust or equitable right in the former to 'the covenant in the deed, such contract being obnoxious to the statute of frauds.

FROM the chancery court of Lincoln county.

HON. H. C. CONN, Chancellor.

Appellee, Toney Alexander, filed this bill against appellants, Samuel Aird and wife, seeking to recover for breach of a covenant of warranty. The bill alleges that, in 1887, complainant purchased from Aird and wife certain land, receiving from them a bond to convey the same by warranty deed upon the payment of $325, payable in one, two and three years; that complainant went into possession of the land, and, at maturity of the first note, paid thereon the sum of $75; that afterwards, in pursuance of the verbal agreement that the deed should be executed to D. W. Alexander, the father of Toney Alexander, said D. W. Alexander completed the payment of the purchase price, and, thereupon, Aird and wife, in accordance with the agreement, executed to him a warranty deed; that D. W. Alexander, having possession under this deed, was evicted by one

Prestige, under a paramount title. The bill avers that, by reason of the fact that the warranty in the bond for title was made directly to complainant, whereas the legal title to the covenant in the deed is in D. W. Alexander, complainant has only the beneficial and equitable interest therein, and therefore invokes the aid of the chancery court. He avers that, by reason of the breach, he has lost not only the $75 paid by him for the purchase money, but, also, that he has been deprived of the lands, and otherwise suffered damages, for all of which a personal decree is prayed. Aird and wife demurred to the bill, and, the demurrer having been overruled, they appeal.

*A. C. McNair*, for appellants.

Appellee is not a party to the deed. He has no legal or equitable interest in the covenant. The bond for title was abrogated by the agreement of all parties on the execution of the deed containing the warranty. He agreed that the title should be displaced by the deed; that the father should pay the price and become grantee in the deed. If he had wished to rely on the covenant, he should have had his interest protected in the deed. As this was a contract in reference to land, if appellee claims on the theory of trust, it is obnoxious to the statute of frauds.

*R. H. Thompson*, for appellee.

Aird and wife ought to be held liable to some one for the $75. They are not liable to D. W. Alexander therefor, as he did not pay it. If they are to be held liable to him, he would receive the money for the benefit of appellee, and ought to pay it over to him, and could be compelled to do so. Equity regards the substance rather than the form. There is no element of assignment by the son to the father of the right to this money. The elder Alexander can look to the covenant to redress his own, not his son's injuries.

Had the covenant in the deed been made to appellee and he

afterwards sold to D. W. Alexander, he might have sued Aird and wife on the covenant, and in that case the recovery would have been limited to the consideration of the lesser sum paid by him to his immediate vendor.     36 Ind., 129; 2 Dev., 483; 10 S. C., 8.

Had the deed been made by Aird and wife direct to appellee, and he had conveyed to his father with the covenants, upon the payment to him of the $75, and had then been sued by the father and suffered recovery of judgment against him, and had paid the same, he would have been entitled to recovery. *Birney* v. *Hann*, 3 A. K. Marshall (Ky.), 1164.     The equitable status of. that supposed case is the same as the one now before the court.

WHITFIELD,. J., delivered the opinion of the court.

The proposition that had the warranty deed been made to appellee, and had he then sold to D. W. Alexander, the latter might have sued Aird and wife on the covenant and recovered only what he paid his immediate vendor, is not tenable in this state.     *Brooks* v. *Black*, 68 Miss., 161.     The case of *Lawrence* v. *Robertson*, 10 S. C., 8, supports *Brooks* v. *Black*.     It is true the opinion of Kershaw, circuit judge, holds the contrary, but the opinion of the supreme court of South Carolina, immediately following in the report, rejects as unsound the rule announced by the circuit judge.     The cases of *Williams* v. *Beeman*, 2 Dev., 483, and *Crisfield* v. *Storr*, 36 Md., 129, support counsel's contention, but they are both cited and disapproved in *Brooks* v. *Black*, *supra*, and the dissenting opinion of Ruffin, J., in the former, pronounced unanswerable. The case of *Birney* v. *Hann*, 3 A. K. Marshall, 1164, is not in point.     There was a regular chain of conveyances there, each containing the same covenant, and the point decided is that, in such case, an intervening grantee can maintain an action on the covenant against the remote grantor, the last grantee having been evicted under title paramount, and having recovered

against such "intervening grantee" a judgment, which judgment had been paid by him. The court expressly puts it on the ground that "Hann would have been entitled to the action if he had never conveyed and had been subjected" to the payment of the judgment "because he had conveyed."

The bond for title, on the case disclosed by this record, was completely merged in the deed to D. W. Alexander, and appellee had no cause of action, legal or equitable, against appellants, on the covenant raised by the use of the word "warrant," under the statute, § 2480, code 1892.

If it be said that the bill should be maintained on the theory of a trust, the answer is that, on the facts, the deed was made to the father, who paid the money, and if the trust is found in a contract between the son and the father, it is within the statute of frauds. If it be said the son paid the seventy-five dollars, and the title was put in the father, the father is not made a party, and, if he were, the title is shown to have been so put in him by "agreement of all the parties."

*Reversed, and bill dismissed.*